**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CORVELL WRAGGS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-cv-01458-SEP |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Corvell Wraggs, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the Petition will be denied and dismissed for failure to exhaust state remedies.

### BACKGROUND

Petitioner is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. On November 12, 2020, a grand jury indictment charged him with unlawful use of a weapon, armed criminal action, and unlawful possession of a firearm. *State of Missouri v. Wraggs*, No. 2022-CR01520-01 (22nd Jud. Cir., St. Louis City).[1] Initially, Petitioner was allowed to remain at home on house arrest and GPS monitoring. On August 16, 2021, however, the circuit court issued a warrant for petitioner's arrest after petitioner disabled the GPS device. Petitioner was then taken into custody, and his motions for bond reduction were denied in the circuit court.

On December 13, 2021, Petitioner filed with this Court a one-page, handwritten motion to enjoin, dismiss, and stop the state's prosecution. Doc. [1]. The document was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 31, 2022, he submitted an Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, this time on a Court-provided § 2241 form. Doc. [3]. Meanwhile, in his state criminal case, Petitioner pled guilty to two counts on February 10, 2022. *State of Missouri v. Wraggs*, No. 2022-

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of those public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

CR01520-01 (22nd Jud. Cir., St. Louis City).  The circuit court set a sentencing hearing for March 11, 2022, which was later continued to April 4, 2022.

### THE AMENDED PETITION

Petitioner's amended 28 U.S.C. § 2241 Petition asserts that he is in pretrial detention in Case No. 2022-CR01520-1.  Doc. [3] at 2.  The Amended Petition presents three grounds for relief: "wrongful incarceration," "ineffective assistance of counsel," and "misconduct."  *Id*. at 6.  Petitioner provides no supporting facts for those grounds, other than the notation: "Refer to docket sheet 2022-CR01520-01."  Elsewhere in the Amended Petition, however, he notes that he is "being held with no bond," and that the "charges don't fit the complaint."  *Id.* at 2.  Petitioner makes additional arguments in a document submitted before his Amended Petition.  Doc. [2].

Petitioner acknowledges that he has not challenged any decisions made in the circuit court to a higher state court.  Doc. [3] at 2-3.

### DISCUSSION

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2241.  For the following reasons, the petition will be denied and dismissed.

**A.  28 U.S.C. § 2241**

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968).  *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial").  Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[2]

Title 28 U.S.C. § 2241 has been recognized as a source of habeas review for state pretrial detainees.  *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (a federal district court could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court

---

[2] *Compare* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

### B. Exhaustion

Even though a pretrial detainee can bring a habeas petition pursuant to 28 U.S.C. § 2241, federal courts should not interfere—absent extraordinary circumstances—with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). A petitioner must therefore exhaust his state remedies before seeking relief in federal court.

Although the text of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases); *see also Sacco*, 649 F.2d at 635-36 (petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cty. Dist. Courts*, 2019 WL 6879367, at *1 (D. Minn. 2019) ("state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available"); *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) ("petitioner must have exhausted his available state remedies" before a court could "review the claims of a state pretrial detainee under section 2241").

A prisoner can avoid exhausting state remedies only if he can show special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and in the interest of comity, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Petitioner has not shown that he has exhausted his state remedies. As noted above, the Court must abstain from interfering with a petitioner's state criminal case "if the issues raised in

3

the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." "Ineffective assistance of counsel," "wrongful incarceration," "misconduct," and the charges not fitting the complaint are issues likely to be addressed in state court, either by trial or other procedures. If Petitioner is complaining about being held without bond, Missouri court rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S.Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S.Ct. R. 33.09. Though he has filed for bond reductions in the circuit court, there is no indication that Petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri Supreme Court rules.

As noted above, Petitioner can avoid the exhaustion requirement by demonstrating that he is excused from exhaustion by "special circumstances." Petitioner has not advanced any special circumstances in this case. *See Curtis v. Missouri*, 2019 WL 5558224, at *1 (E.D. Mo. 2019) (courts "have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised"). Therefore, Petitioner's 28 U.S.C. § 2241 Petition must be denied and dismissed.

### C.  Petitioner's Guilty Plea

At the time Petitioner filed his 28 U.S.C. § 2241 Petition, he was a pretrial detainee. He has since pled guilty and is pending sentencing. Now that he is in custody pursuant to a judgment of the circuit court, Petitioner can obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("a person in custody pursuant to the judgment of a State court . . . can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). Thus, to seek habeas relief, Petitioner must file a petition under 28 U.S.C. § 2254, after exhausting his state remedies. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (a petitioner in state custody seeking federal habeas relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies). For this reason as well, Petitioner's 28 U.S.C. § 2241 Petition must be denied and dismissed.

### D.  Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 Petition if it plainly appears that the petitioner is not entitled to relief. That rule is applicable to petitions arising under 28 U.S.C.

§ 2241.[3]  Here, it plainly appears that Petitioner is not entitled to relief because he has not exhausted his state remedies.  In addition, Petitioner is now in custody pursuant to the judgment of a state court, meaning that he must seek relief under 28 U.S.C. § 2254.  Therefore, the Petition must be denied and dismissed.

### E.  Motion for Leave to Proceed *in Forma Pauperis*

Petitioner filed a motion for leave to proceed *in forma pauperis*, Doc. [4], but later submitted the $5.00 filing fee.  Therefore, the motion is moot.

### F.  Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court").  In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Petitioner has made no such showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. [4]) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of March, 2022.

                                              SARAH E. PITLYK
                                              UNITED STATES DISTRICT JUDGE

---

[3] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts states that "[t]he district court may apply any or all of these rules to a habeas petition not" filed pursuant to 28 U.S.C. § 2254.